UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ILIR DEMIRXHIU,

    Petitioner,                                               Hon. Richard Alan Enslen

v.                                                                                           Case No. 1:05-CV-247

ALBERTO GONZALES, et al.,

    Respondents.

_____/

## ORDER

This matter is before the Court on Petitioner's <u>Emergency Petition to Re-Open Case, Stay of Removal, Add Plaintiffs and Amend the Petition</u>. (Dkt. #25). For the reasons discussed below, the Court **denies** Petitioner's motion.

In approximately June 2002, a final order of removal was entered against Petitioner thereby subjecting him to deportation from the United States. (Dkt. #1). On March 28, 2005, Petitioner initiated the present action (in the United States District Court for the Eastern District of Michigan) challenging his continued detention pending removal from the United States. *Id.* Finding that venue was inappropriate in the Eastern District, the Honorable Gerald E. Rosen transferred the matter to the Western District on March 28, 2005. (Dkt. #6). Petitioner was subsequently released from custody, after which the parties stipulated to the dismissal without prejudice of Demirxhiu's petition for writ of habeas corpus. (Dkt. #20-21). On July 1, 2005, Petitioner filed - in the United States District Court for the Eastern District of Michigan - the motion presently before the Court. On July 8, 2005, the Honorable

David M. Lawson transferred Petitioner's motion to this Court for resolution. (Dkt. #22). Petitioner is not presently in custody.

Petitioner asserts that he is subject to removal from the United States on or about July 18, 2005. (Dkt. #25). Accordingly, he seeks to re-open the present action so that he can move (a) for a stay of removal, and (b) to amend his petition. In support of his motion to re-open this matter, Petitioner is relying on Federal Rule of Civil Procedure 60(b)(6), which permits parties to obtain relief from judgment for "any other reason justifying relief from the operation of the judgment."

While the Court recognizes that it enjoys broad discretion to grant relief under Rule 60(b)(6), it must also be recognized that this particular Rule "is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made." Wright, Miller & Kane, Federal Practice and Procedure: Civil 2§ 2864. Furthermore, because the Court concludes that it does not have subject matter jurisdiction to resolve the merits of Demirxhiu's proposed amended petition, the Court concludes that granting Petitioner's motion to re-open this matter lacks justification.

Petitioner seeks to amend his petition for writ of habeas corpus to add as petitioners his two minor children. Petitioner's minor children are American citizens by virtue of their birth in the United States. Petitioner seeks to amend his petition to assert the claim (on behalf of his children) that his children's constitutional rights will be violated by his removal from the United States. Petitioner also seeks to amend his petition to assert the claim that his constitutional rights will be violated by his removal from the United States. As relief, Petitioner requests that his final order of removal be overturned. In sum, Demirxhiu seeks to amend his petition to assert claims directly challenging the validity of the final order of removal directing that he be removed from the United States. Pursuant to

the recently enacted REAL ID Act of 2005, however, the Court may not exercise subject matter jurisdiction over such claims.

Federal law grants to the federal courts jurisdiction to review orders of removal. *See* 8 U.S.C. § 1252. On May 11, 2005, the President of the United States signed legislation, one provision of which, the REAL ID Act of 2005, significantly restricts the jurisdiction of the United States District Courts to review orders of removal or deportation. *See* Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub. L. No. 109-13, 119 Stat 231, Div. B ("the REAL ID Act").

The REAL ID Act amends 8 U.S.C. § 1252 to provide that the "courts of appeals. . .shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e)."[1] *Id.* at § 106(a). This legislation expressly states that "the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of Title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory)." *Id.*

Another factor weighing in favor of denying Petitioner's request to re-open this matter concerns the circumstance and location of Petitioner's children. There is no allegation that Petitioner's children are in custody or are subject to removal. Such raises the question whether Petitioner's children possess the ability to assert a claim in habeas corpus. Moreover, it appears that Petitioner's children reside within the Eastern District of Michigan raising the question of whether venue over any claim asserted by Petitioner's children properly rests in this district.

---

[1] 8 U.S.C. § 1252(e) addresses judicial review of removal orders under section 1225(b)(1), a provision applicable to "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled." This provision is not applicable on the facts alleged by Petitioner.

In sum, the Court does not find present reasons justifying the re-opening of this matter. The Court does, however, recognize that time is of the essence in this matter. In this respect, the Court finds that Petitioner has ample time and opportunity to seek an effective stay of removal in the Sixth Circuit Court of Appeals, the court which has jurisdiction over the substance of Petitioner's proposed amended claims. Thus, for the reasons stated herein, the Court **denies** Petitioner's motion to re-open this case.

IT IS SO ORDERED.

Date:   July 13, 2005                               /s/ Robert Holmes Bell
                                            HON. ROBERT HOLMES BELL
                                            United States Chief District Court Judge

            for:        Richard Alan Enslen
                        United States District Judge